## PETER MOEBUS ET AL. v. ANDREW COLLINS.

Argued November 5, 1913—Decided February 24, 1914.

As between a mortgagee of chattels and a *bona fide* purchaser for value of the mortgagor, the question whether a description of the mortgaged property as "fourteen cows" is sufficient, depends on the situation at the time the chattel mortgage was given. If the mortgagor then owned only fourteen cows, title would pass under the mortgage. If he owned more, title would not pass as against a *bona fide* purchaser for value. *Hurff* v. *Hires*, 11 *Vroom* 581, distinguished.

On appeal from Elizabeth District Court.

Before Justices SWAYZE and BERGEN.

For the plaintiffs-appellants, *John J. Stamler*.

For the defendants-respondents, *Codding & Oliver*.

The opinion of the court was delivered by

SWAYZE, J.   The plaintiffs claim by virtue of a chattel mortgage four cows sold by them to one Miller, from whom the defendant bought.   The defendant was a *bona fide* purchaser for value.   The validity of plaintiffs' claim depends on the validity of the chattel mortgage given by Miller to them. This mortgage covered "fourteen cows."   There is no other description, but the judge found as a fact that it covered five cows bought by Miller of the plaintiffs, including the four now in question, and nine others.   Under this finding we must hold that as between the plaintiffs and Miller, the title to the five cows was reconveyed by Miller to the plaintiff as security under the chattel mortgage.   This finding, however, does not settle the right of the plaintiffs against the present defendant.   As to him the chattel mortgage was void by the statute unless duly recorded.   The object of the record was to give him notice.   Whether the mortgage would suffice for that

purpose turns on the sufficiency of the description in and of itself to pass title by way of mortgage. This depends on the situation at the time the chattel mortgage was given. If the mortgagor then owned only fourteen cows, title would pass. *Shaw* v. *Glenn,* 10 *Stew. Eq.* 32. Other cases are collected in *Collerd* v. *Tully,* 7 *Buch.* 439, 447. If he owned more than fourteen cows so that something needed to be done to identify and segregate the specific cows meant to be mortgaged, title would not pass as against a *bona fide* purchaser, for the reason that no matter what inquiry he might make, it would be impossible to ascertain what cows were mortgaged; and even if upon inquiry he learned what did not appear on the face of the mortgage, that the cows bought of the plaintiff were meant to be included, it would still be open for the plaintiffs to claim that the intent of the parties was to be ascertained from the written document alone and that they had the choice of any fourteen cows out of the herd. Such is the rule in Texas. In other jurisdictions, the description is generally held to be too indefinite and uncertain. 6 *Cyc.* 1022.

The case differs from *Hurff* v. *Hires,* 11 *Vroom* 581. In that case the bulk from which the quantity purchased was to be separated, was uniform in kind and quality; such is not the case with cows which may vary much in quality and value.

In the state of the case prepared by the trial judge, it is said that judgment was entered for the defendant on the ground that he was an innocent purchaser for value; that the description in the mortgage was too vague and indefinite, in that it describes chattels from a large quantity of the same kind in the possession of the mortgagor. This seems a sufficient finding of facts to justify the judge's result.

The judgment is affirmed, with costs.